# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| ROBIN THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-cv-611 |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on cross-motions for summary judgment filed by Defendant Aetna Life Insurance Company ("Defendant" or "Aetna") and Plaintiff Robin Thomas ("Plaintiff") pursuant to Fed. R. Civ. P. 56.

Plaintiff, a female born in 1955, was formerly employed by Booz Allen Hamilton as an IP business operations lead. This sedentary job required her to provide financial analysis and work with a computer. While employed, she participated in the Group Long Term Disability Plan ("Plan"), which is insured by Aetna Policy Number GP-800105 ("Policy") and governed by ERISA. Plaintiff now alleges that she is entitled to long-term disability benefits under the Plan after suffering injuries in a car accident.

Under the Policy, "disability" is defined as the inability to perform "the material duties of [an employee's] own occupation solely because of an illness, injury or disabling pregnancy-related condition" and an earning capacity of 80% or less than the insured's pre-disability earnings. After the first twenty-four months of disability, the Policy requires one to be unable to work at any reasonable occupation. The Policy's appeal process permits an insured to supply additional evidence for Aetna's consideration in the event of an adverse termination. Notably, under the Policy, Aetna is provided "discretionary authority to determine whether and to what extend eligible employees and beneficiaries are entitled to benefits."

On February 13, 2017, Plaintiff was in a car accident and subsequently stopped working. On February 17, 2017, Plaintiff visited pain-management physician Dr. Thomas Nguyen of the Virginia Spine Institute. Dr. Nguyen thought Plaintiff showed signs of a concussion; he recommended physical therapy and continued use of oxycodone to help with pain.

On March 22, 2017, Plaintiff visited neurologist Dr. Kevin Crutchfield. The neurological exam was essentially normal, while the musculoskeletal exam revealed some limited cervical rotation. While he prescribed new medication and recommended a steroid injection and nerve block, Dr. Crutchfield ultimately did not believe these issues should keep Plaintiff from working

2

and instructed her to make ergonomic accommodations while working. Plaintiff received short-term disability benefits beginning the month of February 2017.

Follow-up exams produced the same results. Two exams by Dr. Crutchfield, on April 14 and May 11, 2017, again were normal except for some limited cervical range of motion. Dr. Crutchfield referred Plaintiff for an occipital nerve release, noting that almost 100% of patients have resolution of their symptoms. Plaintiff did not pursue this treatment. On May 23, 2017, Plaintiff visited the Fairfax Family Practice Concussion Center with Dr. Marc Childress, Dr. Timothy Yu and Jon Almquist, ATC, VATL. Notes from these visits indicate that Plaintiff had not been compliant with recommended exercises and that she sat at home doing nothing. Dr. Childress formulated an exercise program with Mr. Almquist. Notes from Dr. Nguyen's additional treatment in spring and summer 2017 show improvement in Plaintiff's pain symptoms and her examinations continued to be normal, aside from some spinal tenderness. Dr. Crutchfield also repeatedly conducted examinations in which Plaintiff exhibited normal mental status.

Independent reviews by other Board-certified physicians also found that Plaintiff could work. Dr. Jerome Siegel discussed Plaintiff's condition with two of the treating physicians. Mr. Almquist reported that his examinations did not

3

demonstrate any serious orthopedic or neurologic abnormalities, that Plaintiff had not returned for treatment for at least two months and that she had been non-compliant with follow-up. He could not, therefore, support any ongoing restrictions after June 6, 2017. Dr. Siegal also spoke with Dr. Nguyen, who concurred that Plaintiff should be physically capable of returning to work. Dr. Siegal attempted to contact Dr. Crutchfield, but his calls were not returned. Based on his review of the records and conversations with treating physicians, Dr. Siegal concluded there was no evidence of cognitive impairment. Although Plaintiff had a few months of increased symptomology after the accident, Dr. Siegal opined that she should have been physically capable of returning to work by June 6, 2017.

On July 31, 2017, Aetna wrote to Plaintiff informing her that her claim for long-term disability benefits was denied because she was not disabled under the Policy as of August 21, 2017, the effective date of her long-term disability benefit eligibility. Aetna's denial letter provided the above stated facts, noting the conclusions of Mr. Almquist, Dr. Nguyen, and Dr. Siegel. Aetna provided Plaintiff with information regarding appealing the denial and detailed information it would need to consider her appeal.

On August 1, 2017, Plaintiff appealed the denial. During the appeals process, Aetna provided Plaintiff with two extensions to submit additional information for review. However, the treatments obtained during this period continued to reflect that no symptoms prevented Plaintiff's return to work. On August 7, 2017, Plaintiff was examined by Dr. Crutchfield. The exam was again normal and Dr. Crutchfield recommended that Plaintiff consult a behavioral health psychologist to discuss the psychological impact of her pain. Notes from Plaintiff's physical therapy sessions indicate improvement, including an August 9, 2017 note from Richard Banton that Plaintiff's neck pain was getting better and the intensity of her headaches had decreased with therapy. Independent medical reviews further confirmed that Plaintiff was capable of working. September 19, 2017, Dr. David Hoenig, Board-certified in Neurology and Pain Medicine, reviewed Plaintiff's medical records and concluded that Plaintiff had no specific functional impairment from a neurological perspective from July 24, 2017 and onward. The only restrictions he found appropriate would be to limit Plaintiff from climbing or performing tasks around heights because of periodic sensations of dizziness. On September 5, 2017, Dr. John Pelletier, Board-certified in Psychology, Rehabilitation Psychology and Neuropsychology, found Plaintiff's physical and mental status examinations to be normal and concluded that

5

Plaintiff should be capable of performing daily tasks. On October 30, 2017, Dr. Behzad Emad, Board-certified in Pain Medicine and Physical Medicine and Rehabilitation, reviewed the records and concluded that Plaintiff's neck and lower back pain were substantiated by exam findings, but he did not believe these issues prevented Plaintiff from working. With certain recommended restrictions, Dr. Emad believed Plaintiff could work full-time.

Based upon these evaluations, the administrative record and additional materials obtained by Aetna or provided by Plaintiff, Aetna upheld the denial on December 6, 2017. Plaintiff filed a complaint in this Court on May 18, 2019. Plaintiff and Defendant filed motions for summary judgment on November 22, 2019. Discovery is complete, and their case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). Summary judgment may be entered when a party "fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient" to find an issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

An administrator's denial of benefits is reviewed under an abuse-of-discretion standard when the ERISA plan confers discretionary authority upon the administrator. Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 341 (4th Cir. 2000); see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). The Policy in this case provides Aetna with discretionary authority to determine whether eligible employees are entitled to benefits and to construe the Policy and other Plan terms. Because the Policy language grants Aetna full discretionary authority over both eligibility determinations and interpretation of applicable terms, Aetna's denial of Plaintiff's claim is reviewed under an abuse-of-discretion standard.

Within the ERISA context, the abuse-of-discretion standard equates to reasonableness. See Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008) (citing Firestone, 489 U.S. at 109-10). A decision is reasonable when it

7

is the "result of a deliberate, principled reasoning process" supported by substantial evidence. Williams v. Metropolitan Life Ins. Co., 609 F.3d 622, 630 (4th Cir. 2010). Under this standard, the court owes the administrator "a duty of deference" and serves a "secondary rather than primary role in determining a claimant's right to benefits." Evans, 514 F.3d at 323. In this role, a court will uphold a decision if it is reasonable, "even if [the court] would have come to a contrary conclusion independently." Frankton v. Metro. Life Ins. Co., No. 09-2184, 2011 U.S. App. LEXIS 10542, at *9 (4th Cir. May 23, 2011). In making its evaluation, the court may review only the evidence that was before the plan administrator at the time it denied the claims at issue. Bernstein v. CapitalCare, 70 F.3d 783, 788 (4th Cir. 1995); see Hedger v. Reliance Standard Life Ins. Co., Civ. No. 04-1139, 2005 U.S. Dist. LEXIS 37071, at *3 (E.D. Va. June 24, 2005).

The Court finds that, in this case, Aetna's decision was supported by substantial evidence in the record and is reasonable in light of that evidence. The record reflects that on July 31, 2017, both treating and independent medical professionals had concluded that Plaintiff was capable of working in her usual occupation. Further, examination records and objective tests confirmed that Plaintiff was not suffering from any condition that would limit her ability to work. Examinations performed by Dr.

8

Crutchfield were normal; in March 22, 2017, he stated that Plaintiff could return to work with adjustments made to her workspace. Similarly, practitioners at Fairfax Family Practice Concussion Center told independent reviewing physician Dr. Siegel that their examination did not yield any serious abnormalities and that Plaintiff had not been compliant with treatment.

Defendants acknowledge, and the record reflects, that Plaintiff experienced symptoms resulting from the February 2017 accident. Due to her headaches, neck and back pain, Plaintiff received short-term disability benefits for the time-period she was unable to work. However, subsequent tests indicated that Plaintiff's symptoms were not serious enough to prevent her from working as of the start of the long-term-disability period. Although they recommended that Plaintiff take some time off after her accident, Plaintiff's treating physicians believed she could work as early as June 2017. They agreed she certainly was ready to work by August 2017. Given this evidence, Aetna's decision that Plaintiff did not meet the Policy definition of disability was reasonable.

Additionally, this decision is supported by the conclusions of several independent, Board-certified reviewers. After Plaintiff appealed Aetna's decision, three independent physicians were consulted. These physicians concluded that Plaintiff had no functional impairment precluding her from full-

9

time work. Aetna's reliance upon these expert opinions was appropriate and provides support for its conclusion that Plaintiff was ineligible for long-term disability benefits. See Ellis v. Metro Life Ins. Co., 126 F.3d 228, 233-34 (4th Cir. 1997); Frankton, 2011 U.S. App. LEXIS 10542, at *14.

In light of this evidence, Defendant's decision was reasonable, and Plaintiff was provided a full and fair review on appeal. Plaintiff contends that her case should be remanded because Aetna did not provide her a copy of her claim file. However, Plaintiff's request for a copy of the file was not made until the end of the appeal process. Although the original denial letter informed her of her right to a copy of the file, Plaintiff delayed. Plaintiff was aware of her right to request the file during her initial claim assessment, prior to or after the denial on August 1, 2017. Yet, she did not make her request until the end of the appeal review. The fact remains that Plaintiff cannot meet her burden of showing that she was disabled under the Policy provisions as of August 21, 2017. Therefore, Aetna's decision denying Plaintiff long-term disability benefits must be upheld.

For the forgoing reasons, this Court finds that Defendant is entitled to summary judgment. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 31, 2020